Filed 3/25/21 In re E.V.-L. CA2/8

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re E.V.-L., a Person Coming Under the Juvenile Court Law. | B305523 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 19CCJP06381A) |
| Plaintiff and Respondent, | |
| v. | |
| Edgar V., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Commissioner.  Dismissed.

Elizabeth Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

The Department removed infant E.V.-L. from her mother's custody after mother tested positive for amphetamine and methamphetamine at E.V.-L.'s birth. The Department alleged as bases for jurisdiction that mother abused drugs, preventing her from properly caring for the child; that mother had failed to reunite with a previous child; and that father Edgar V. was a daily user of marijuana, preventing him from properly caring for the child. The juvenile court sustained each allegation and detained E.V.-L. Father appeals the jurisdictional and dispositional orders as to himself but does not challenge the jurisdictional or dispositional orders relating to mother. Because father's contentions, even if meritorious, would not justify a reversal of the court's jurisdictional order or the grant of any effective relief, we decline to address them and dismiss the appeal.

I

The Department received a referral regarding E.V.-L. when mother refused to give a urine sample for a drug test at E.V.-L.'s birth. Mother had tested positive for amphetamines at the birth of a child three years earlier and failed to reunify with that child due to substance abuse issues. When mother ultimately provided a sample, it was positive for amphetamines.

Department social workers visited mother in the hospital to discuss the positive test result. Mother admitted to using marijuana but denied using amphetamines, claiming the positive result was due to medication taken while she was in the hospital. Further analysis of the sample later confirmed the presence of both amphetamine and methamphetamine.

The Department obtained a removal order and detained E.V.-L. from mother at the hospital, placing her in foster care.

Mother identified father as the biological father of E.V.-L. The Department spoke with father a few days after E.V.-L.'s birth. Father agreed to come in and provide a statement that day. The Department said it would like him to complete a drug test. Father then said he could not come in that day, but could the following day. Father told the social worker that he used marijuana usually once a day to deal with knee pain. Father said he would be willing to switch to another method of pain relief if necessary to care for E.V.-L. Father did not show up for his appointment and drug test the next day.

At the detention hearing, the court found father to be the presumed father of E.V.-L. The juvenile court ordered E.V.-L. detained from mother and father. The juvenile court ordered father and various relatives investigated for potential placement.

After the hearing, the Department sought to speak with father, but father missed many appointments and stopped returning the Department's calls and text messages. The Department evaluated the possibility of placement with father while living with a paternal aunt or paternal grandmother and found neither was appropriate given prior substantiated allegations of abuse and neglect by both paternal aunt and paternal grandmother. Father did not visit E.V.-L.

Father did not appear at the next adjudication and disposition hearing. The juvenile court sustained a section 300 petition finding true that mother has a history of substance abuse and is a current abuser of amphetamine and methamphetamine, rendering her incapable of providing E.V.-L. with proper care and supervision; that mother failed to reunify with a previous child

3

due to substance abuse; and that father is a daily user of marijuana, which renders him incapable of providing E.V.-L. with proper care and supervision. The court ordered reunification services for father, including a full drug and alcohol program with aftercare, random on-demand drug testing, a 12-step program, parenting classes, individual counseling, and monitored visitation. Father's counsel objected to all of the services except the on-demand drug testing.

Father appeals the jurisdictional and dispositional orders of the court as they relate to him. During the pendency of the appeal, the juvenile court held a review hearing on September 30, 2020. The juvenile court terminated father's reunification services because he had not made substantial progress. The court set a permanency planning hearing for January 25, 2021. We take judicial notice of the September 30, 2020 minute order from this hearing. (See Evid. Code, § 452, subd. (d).)

At our request, the Department and father each filed a supplemental brief addressing whether subsequent events and proceedings rendered the appeal moot. With its supplemental brief, the Department filed a motion asking us to take judicial notice of the September 2, 2020 minute order and the report the Department filed with the court in advance of the September 30, 2020 hearing. Because the September 2 order and report provide the basis for the September 30, 2020 order, we grant the motion. (Evid. Code, § 452, subd. (d); Code Civ. Proc., § 909; *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1422.)

## II

This case does not warrant an exercise of our discretion to reach the merits of father's appeal.

4

A

Appellate courts will consider only appeals that present justiciable issues.  (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1489–1490 (*I.A.*) [citing 13B Wright et al., Federal Practice and Procedure (3d ed. 2008) § 3532.1, pp. 372–374].)  An important aspect of justiciability is whether effective relief is available—can the court provide a remedy that will have a practical and tangible impact on the parties?  (*I.A.*, at p. 1490.)

In the dependency context, issues of justiciability often arise when a parent seeks review of a jurisdictional finding that is only one of multiple bases for the juvenile court's exercise of jurisdiction over a child.  This is because a jurisdictional finding involving one parent " 'is good against both.' "  (*In re X.S.* (2010) 190 Cal.App.4th 1154, 1161.)  A finding against either parent is sufficient to bring a child within the juvenile court's jurisdiction.  (*I.A.*, *supra*, 201 Cal.App.4th at pp. 1491–1492.)  And an exercise of jurisdiction over a child allows the court to impose orders relating to either parent, even a nonoffending parent.  (*Id.* at p. 1492.)  Thus, an appellate court may decline to address the merits of additional jurisdictional findings where one such finding stands.  (*Ibid.*)

B

Father appeals from the juvenile court's jurisdictional and dispositional orders as to him.  Neither he nor mother has challenged the jurisdictional or dispositional orders as to mother. As discussed above, this means that, even were we to overturn the juvenile court's jurisdictional finding as to father, E.V.-L. would remain a dependent of the court.  This also means the juvenile court would have the power to impose dispositional orders on father.  Father does not identify any effective relief we

5

could provide. Under these circumstances, father's appeal raises only academic and abstract questions. We decline to address them.

Father acknowledges we may decline to consider his appeal given the justiciability issue. However, he argues we should exercise our discretion in his case for four reasons.

First, father argues the jurisdictional order served as the basis for the dispositional order he is also appealing. Father objected at the hearing to all services ordered, except on-demand testing. At the September 30, 2020 review hearing, the juvenile court terminated services due to father's lack of progress. Father's appeal of the dispositional order is now moot. A moot appeal of an inoperative dispositional order does not persuade us to exercise our discretion.

Second, father argues that, if we reverse the jurisdictional finding as to him, he would become a nonoffending parent and could immediately take custody of E.V.-L. This is inaccurate. The Department evaluated the possibility of placing E.V.-L. with father at the paternal aunt or paternal grandmother's homes and found both unsuitable. Father has refused to cooperate with any investigation by the Department. Thus, the Department has not been able to assess whether any placement with father would be appropriate. Given father's daily marijuana use and the lack of any evidence he will alter his conduct, it is speculative whether the Department ever will place E.V.-L. with father. Because the juvenile court has asserted jurisdiction over E.V.-L., it has the power to impose orders on father, even if he were a nonoffending parent. Father's failure to comply with past court orders raises further doubts about whether E.V.-L. could be placed with him as a nonoffending parent.

Third, father argues his case raises the issue of "lawful casual marijuana use," an issue of broad public importance capable of evading review. This is not an accurate characterization of this case. Father uses marijuana daily for pain relief. He claimed to have a medical marijuana card, but he has never produced it to the Department. Thus, even assuming lawful casual marijuana use is an issue of broad public importance, this case does not present it.

Finally, father argues the juvenile court's order "could have legal ramifications for appellant in future dependency or family law proceedings." This type of speculative argument does not warrant an exercise of our discretion.

## DISPOSITION

We dismiss the appeal.


WILEY, J.


WE CONCUR:


BIGELOW, P. J.


GRIMES, J.


7